**Jonny A. THAYER and Pattie Thayer, Plaintiffs–Appellants,**

v.

**Douglas L. McDONALD, Marjorie R. McDonald and McDonald Farms, Inc., Defendants–Appellees.**

No. 88CA0810.

Colorado Court of Appeals, Div. I.

Sept. 21, 1989.

James E. Masson, Delta, for plaintiffs-appellants.

Miller & McCarren, P.C., John J. McHale, Jr., Denver, for defendants-appellees.

Opinion by Judge NEY.

Plaintiffs, Jonny A. Thayer and Pattie Thayer, appeal the summary judgment dismissing their claim based upon the wrongful discharge of Jonny. We affirm.

Jonny Thayer was employed by defendants, Douglas L. McDonald, Marjorie R. McDonald, and McDonald Farms, Inc., until he was discharged for his involvement in union organizing activities. Following his discharge, he filed a complaint with the National Labor Relations Board. That action was concluded by his acceptance of a cash settlement.

Thereafter, plaintiffs commenced this action claiming that Jonny was wrongfully discharged for exercising his Colorado statutory right under § 8–2–101, et seq., C.R.S. (1986 Repl.Vol. 3B) to organize a union at his place of employment. On defendant's motion, the trial court entered summary judgment, holding that Jonny was an employee-at-will and that there is no state action available for the discharge of an employee-at-will.

Plaintiffs contend that the trial court erred in granting summary judgment. Defendants claim that plaintiffs' state action is preempted under federal law. We agree with defendants.

■ Defendants failed to assert the doctrine of federal preemption at the trial court level; however, the defense of lack of subject matter jurisdiction may be asserted at any time, including during an appeal. *People v. Lockhart,* 699 P.2d 1332 (Colo. 1985).

■ Under *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959), conduct covered by sections 7 and 8 of the National Labor Relations Act (NLRA) may not be the basis of a state law claim. Here, the basis of plaintiffs' claim is that Jonny was discharged in retaliation for union organizing activities. Union organizing activities fall under section 7 of the NLRA, and defendants' actions were specifically prohibited by section 8 of the NLRA. Therefore, the state courts are without jurisdiction. *See, e.g., Gouveia v. Napili–Kai, Ltd.,* 65 Haw. 189, 649 P.2d 1119 (1982).

Since we decide this matter on jurisdictional grounds, we do not reach the issues raised by the entry of summary judgment.

Judgment affirmed.

PIERCE and JONES, JJ., concur.